**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY**

|  |  |  |
|---|---|---|
| CHRISTOPHER THOMAS | * | |
| | * | |
| and | * | |
| | * | |
| ALEXANDRA CURBELO | * | |
| | * | |
| c/o DC LAW GROUP, LLC. | * | |
| 1 Research Court, Suite 140 | * | |
| Rockville, MD 20850 | * | |
| | * | |
| Plaintiffs, | * | Case No.: *CAL17-13356* |
| | * | |
| v. | * | |
| | * | |
| STATE OF MARYLAND | * | |
| Serve: Brian Frosh, Esq. | * | |
| 200 St. Paul Place | * | |
| Baltimore, MD 21202 | * | |
| | * | |
| and | * | |
| | * | |
| HON. LARRY HOGAN, GOVERNOR OF | * | |
| THE STATE OF MARYLAND | * | |
| 100 State Circle | * | |
| Annapolis, MD 21041 | * | |
| | * | |
| and | * | |
| | * | |
| ANNE ARUNDEL COUNTY | * | |
| Serve: Nancy Duden, Esq. | * | |
| 2660 Riva Rd, Fl 4 | * | |
| Annapolis, MD 21401-7055 | * | |
| | * | |
| and | * | |
| | * | |
| STEVEN SCHUH, COUNTY | * | |
| EXECUTIVE FOR ANNE ARUNDEL | * | |
| COUNTY | * | |
| Arundel Center | * | |
| 44 Calvert Street | * | |
| Annapolis, MD 21404 | * | |
| | * | |
| and | * | |

HOWARD COUNTY                                          *
Serve: Dario Broccolino, Esq.                          *
Carroll Building                                       *
3450 Court House Drive                                 *
Ellicott City, MD 21043                                *
                                                       *
          and                                          *
                                                       *
ALLAN KITTLEMAN, COUNTY                                *
EXECUTIVE FOR HOWARD COUNTY                            *
George Howard Building                                 *
3430 Court House Drive                                 *
Ellicott City, MD 21043                                *
                                                       *
          and                                          *
                                                       *
PRINCE GEORGE'S COUNTY                                 *
Serve: Jared McCarthy, Esq.                            *
14741 Gov. Oden Bowie Drive                            *
Room 5121                                              *
Upper Marlboro, MD 20772                               *
                                                       *
          and                                          *
                                                       *
RUSHERN BAKER, COUNTY                                  *
EXECUTIVE FOR PRINCE GEORGE'S                          *
COUNTY                                                 *
County Administration Building, Room                   *
5032                                                   *
14741 Governor Oden Bowie Drive                        *
Upper Marlboro, MD 20772                               *
                                                       *
          and                                          *
                                                       *
ANNE ARUNDEL COUNTY POLICE                             *
DEPARTMENT                                             *
8495 Veterans Hwy.                                     *
Millersville, MD 21108                                 *
                                                       *
          and                                          *
                                                       *
TIMOTHY ALTOMARE, POLICE CHIEF                         *
FOR THE ANNE ARUNDEL COUNTY                            *
POLICE DEPARTMENT                                      *
8495 Veterans Hwy.                                     *

Millersville, MD 21108                    *
                                          *
         and                              *
                                          *
PRINCE GEORGE'S COUNTY POLICE             *
DEPARTMENT                                *
14741 Governor Oden Bowie Dr.             *
Upper Marlboro, MD 20772                  *
                                          *
         and                              *
                                          *
HENRY STAWINSKY, POLICE CHIEF             *
FOR PRINCE GEORGE'S COUNTY                *
POLICE DEPARTMENT                         *
14741 Governor Oden Bowie Dr.             *
Upper Marlboro, MD 20772                  *
                                          *
         and                              *
                                          *
HOWARD COUNTY POLICE                      *
DEPARTMENT                                *
3410 Court House Dr.                      *
Ellicott City, MD 21043                   *
                                          *
         and                              *
                                          *
GARY GARDNER, POLICE CHIEF FOR            *
HOWARD COUNTY POLICE                      *
DEPARTMENT                                *
3410 Court House Dr.                      *
Ellicott City, MD 21043                   *
                                          *
         and                              *
                                          *
MARYLAND STATE POLICE                     *
Serve: Ronald Levitan, Esq.               *
1201 Reisterstown Rd.                     *
Pikesville, MD 21208                      *
                                          *
         and                              *
                                          *
COL. WILLIAM PALLOZZI,                    *
SECRETARY MARYLAND STATE                  *
POLICE                                    *
1201 Reisterstown Rd.                     *
Pikesville, MD 21208                      *

and                                          *
                                             *
                                             *
OFFICER NATHANIEL R. HOLLIS                  *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
        and                                  *
                                             *
OFFICER JAMES MORRISON                       *
3410 Court House Dr.                         *
Ellicott City, MD 21043                      *
                                             *
        and                                  *
                                             *
OFFICER STEPHEN HENNESSEY                    *
3410 Court House Dr.                         *
Ellicott City, MD 21043                      *
                                             *
        and                                  *
                                             *
OFFICER JEREMY DUNCAN                        *
3410 Court House Dr.                         *
Ellicott City, MD 21043                      *
                                             *
        and                                  *
                                             *
OFFICER JAMES ABRASHOFF                      *
3410 Court House Dr.                         *
Ellicott City, MD 21043                      *
                                             *
        and                                  *
                                             *
OFFICER AMANDA J. EVERLY                     *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
        and                                  *
                                             *
OFFICER JOSEPH PAZULSKI                      *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
        and                                  *
                                             *
OFFICER TREY F. KELLER                       *

8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
      and                                    *
                                             *
OFFICER ALPHONSE B. FISTER                   *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
      and                                    *
                                             *
OFFICER STEVEN J. THOMAS                     *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
      and                                    *
                                             *
OFFICER JAMES E. HORNE                       *
14741 Governor Oden Bowie Dr.                *
Upper Marlboro, MD 20772                     *
                                             *
      and                                    *
                                             *
OFFICER GARY F. WHITE JR.                    *
14741 Governor Oden Bowie Dr.                *
Upper Marlboro, MD 20772                     *
                                             *
                                             *
      and                                    *
                                             *
OFFICER WILLIAM P. GONZALEZ                  *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *
      and                                    *
                                             *
OFFICER STEPHEN A. TAYLOR                    *
1201 Reisterstown Rd.                        *
Pikesville, MD 21208                         *
                                             *
      and                                    *
                                             *
OFFICER RICHARD G. FURROW, JR.               *
8495 Veterans Hwy.                           *
Millersville, MD 21108                       *
                                             *

and                                        *
                                           *
OFFICER GLENN M. WRIGHT                     *
8495 Veterans Hwy.                          *
Millersville, MD 21108                      *
                                           *
and                                        *
                                           *
OFFICER JEFFREY S.                          *
ROTHENBECKER                               *
8495 Veterans Hwy.                          *
Millersville, MD 21108                      *
                                           *
and                                        *
                                           *
OFFICER ZACHARY S. KOSHLAP                  *
8495 Veterans Hwy.                          *
Millersville, MD 21108                      *
                                           *
and                                        *
                                           *
OFFICER DAVID J. FOSTER                     *
8495 Veterans Hwy.                          *
Millersville, MD 21108                      *
                                           *
and                                        *
                                           *
OFFICER BRIAN A. SMITH                      *
1201 Reisterstown Rd.                       *
Pikesville, MD 21208                        *
                                           *
and                                        *
                                           *
OFFICER DION TILGHMAN                       *
8495 Veterans Hwy.                          *
Millersville, MD 21108                      *
                                           *
and                                        *
                                           *
OFFICER MATTHEW J. SANCHEZ                  *
1201 Reisterstown Rd.                       *
Pikesville, MD 21208                        *
                                           *
and                                        *
                                           *
OFFICER SCOTTIE ARRUDA                      *

8495 Veterans Hwy.                    *
Millersville, MD 21108                *
                                      *
        and                           *
                                      *
OFFICER MICHAEL A. HAVILAND, JR.      *
8495 Veterans Hwy.                    *
Millersville, MD 21108                *
                                      *
        and                           *
                                      *
OFFICER CHARLES T. BENNER             *
8495 Veterans Hwy.                    *
Millersville, MD 21108                *
                                      *
        and                           *
                                      *
OFFICER JAMES E. KEIFLINE             *
8495 Veterans Hwy.                    *
Millersville, MD 21108                *
                                      *
        and                           *
                                      *
OFFICER CHRISTOPHER                   *
LINSENBIGLER                          *
8495 Veterans Hwy.                    *
Millersville, MD 21108                *
                                      *
        and                           *
                                      *
OFFICER JOHN DOE                      *
8495 Veterans Hwy.                    *
Millersville, MD 21108                *
                                      *
        Defendants.
*******************************************************************************

## COMPLAINT

COMES NOW Plaintiffs Christopher Thomas and Alexandra Curbelo, by and through their counsel, Mark Wemple, Esq., hereby submit this Complaint and in support thereof state the following:

### PARTIES

1. Plaintiff CHRISTOPHER THOMAS is a resident of Connecticut.

2. Plaintiff ALEXANDRA CURBELO was a resident of Maryland at the time of this incident but is currently a resident of Massachusetts.

3. Defendant STATE OF MARYLAND is a municipal corporation empowered to carry out certain governmental functions and may sue and be sued in its own name for torts committed by its agents and employees.

4. Defendant GOVERNOR OF MARYLAND, Hon. Larry Hogan, is the Governor of the State of Maryland and oversees the enforcement of the law in the State of Maryland. He is sued in his official and individual capacity.

5. Defendant ANNE ARUNDEL COUNTY is categorized under Maryland law as a local government empowered to carry out certain governmental functions and may sue and be sued in its own name for torts committed by its agents and employees. Anne Arundel County appoints its Police Chief and retains power to remove the Police Chief for acts of misconduct, malfeasance, inefficiency, or incompetence. In addition, Anne Arundel County pays the salary of the Police Chief and all other employees of the Anne Arundel County Police Department.

6. Defendant STEVEN SCHUH, is the County Executive for Anne Arundel County.

7. Defendant HOWARD COUNTY is categorized under Maryland law as a local government empowered to carry out certain governmental functions and may sue and be sued in its own name for torts committed by its agents and employees. Howard County appoints its Police Chief and retains power to remove the Police Chief for acts of misconduct, malfeasance, inefficiency, or incompetence. In addition, Howard County County pays the salary of the Police Chief and all other employees of the Howard County Police Department.

8. Defendant ALLAN KITTLEMAN is the County Executive for Howard County.

9. Defendant PRINCE GEORGE'S COUNTY is categorized under Maryland law as a local government empowered to carry out certain governmental functions and may sue and be sued in its own name for torts committed by its agents and employees. Prince George's County appoints its Police Chief and retains power to remove the Police Chief for acts of misconduct, malfeasance, inefficiency, or incompetence. In addition, Prince George's County pays the salary of the Police Chief and all other employees of the Prince George's County Police Department.

10. Defendant RUSHERN BAKER is the County Executive for Prince George's County.

11. Defendant ANNE ARUNDEL COUNTY POLICE DEPARTMENT ("AAPD") is a municipal corporation incorporated under the laws of the State of Maryland, is responsible for, among other things, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court, and all times mentioned herein was the employer of Anne Arundel County Defendant-Officers and TIMOTHY ALTOMARE.

12. Defendant TIMOTHY ALTOMARE ("ALTOMARE") is the Police Chief of the AAPD and is responsible for the policy, practice, training, supervision, implementation, and conduct of all AAPD personnel.

13. Defendant PRINCE GEORGE'S COUNTY POLICE DEPARTMENT ("PGPD") is a municipal corporation incorporated under the laws of the State of Maryland, is responsible for, among other things, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court, and all times mentioned herein was the employer of Prince George's County Defendant-Officers and HENRY STAWINSKY.

14. Defendant HENRY STAWINSKY ("STAWINSKY") is the Police Chief of the PGPD and is responsible for the policy, practice, training, supervision, implementation, and conduct of all PGPD personnel.

15. Defendant HOWARD COUNTY POLICE DEPARTMENT ("HCPD") is a municipal corporation incorporated under the laws of the State of Maryland is responsible for, among other things, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court, and all times mentioned herein was the employer of Prince George's County Defendant-Officers and GARY GARNDER.

16. Defendant GARY GARDNER ("GARDNER") is the Police Chief of the HCPD and is responsible for the policy, practice, training, supervision, implementation, and conduct of all HCPD personnel.

17. Defendant MARYLAND STATE POLICE DEPARTMENT ("MSP") is a municipal corporation, incorporated under the laws of the State of Maryland, is responsible for, among other things, arresting persons for offenses and maintaining custody over such

persons prior to their initial appearance in court, and all times mentioned herein was the employer of Prince George's County Defendant-Officers and GARY GARNDER.

18. Defendant COL. WILLIAM PALLOZZI ("PALLOZZI") is the Governor-appointed Secretary of the MSP and is responsible for the policy, practice, training, supervision, implementation, and conduct of all MSP personnel.

19. Upon information and belief, the remaining Defendant-Officers at all times relevant to this Complaint were citizens of the State of Maryland, were police officers employed by either AAPD, PGPD, HCPD, or MSP and were acting in their official capacity under color of law, State authority, direction and control of their respective supervisors, statute, custom, or usage of the State of Maryland.   They are also sued individually for torts committed with malice.

20. Defendants STATE OF MARYLAND, ANNE ARUNDEL COUNTY, HOWARD COUNTY, and PRINCE GEORGE'S COUNTY may be collectively referred to in this Complaint as "Defendant-Municipalities" or "Municipalities".

21. Defendants ANNE ARUNDEL COUNTY POLICE DEPARTMENT, HOWARD COUNTY POLICE DEPARTMENT, PRINCE GEORGE'S POLICE DEPARTMENT, and MARYLAND STATE POLICE DEPARTMENT may be collectively referred to in this Complaint as "Defendant-Police Departments" or "Police Departments".

22. Defendants ALTOMARE, STAWINSKY, GARDNER, and PALLOZZI may be collectively referred to in this Complaint as "Defendant-Chiefs" or "Chiefs".

23. Defendant OFFICER JOHN DOE, was the operator of the police helicopter involved in the pursuit of Plaintiffs. This particular Defendant's identity is currently unknown to

Plaintiffs and Plaintiffs reserve the right to amend this Complaint as this information becomes available.

## JURISDICTION AND VENUE

24. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 23 of this Complaint with the same effect as if fully set forth herein.

25. Jurisdiction is proper in this Court as the amount in controversy exceeds $30,000 and Plaintiff demands a jury trial.

26. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1343(a); 28 U.S.C. § 1367 and this Court's supplementary jurisdiction powers.

27. This Court has personal jurisdiction over the Defendants under § 6-103(b) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

28. Venue is proper in the Circuit Court for Prince George's County because the events that are the subject of this action occurred in Prince George's County, Maryland.

29. This Court is also the appropriate venue for this proceeding pursuant to § 6-201(a) of the Courts & Judicial Proceedings Article of the Annotated Code of Maryland.

## NOTICE

30. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 29 of this Complaint with the same effect as if fully set forth herein.

31. On December 1, 2014, Plaintiffs sent a Notice of Claim to the County Attorney of Anne Arundel County.   Plaintiffs' counsel, Mark Wemple, Esq., never received a response from Anne Arundel County regarding the claims.

32. On December 1, 2014, Plaintiffs sent a Notice of Claim with the County Attorney of Howard County.  Plaintiffs' counsel, Mark Wemple, Esq., never received a response from Howard County regarding the claims.

33. On December 1, 2014, Plaintiffs sent a Notice of Claim with the County Attorney of Prince George's County.  Plaintiffs' counsel, Mark Wemple, Esq., never received a response from Prince George's County regarding the claims.

34. On June 1, 2015, Plaintiffs sent a Notice of Claim to the Maryland State Treasurer in accordance with to § 12-107(a) of the Maryland Tort Claims Act.  Plaintiffs' counsel, Mark Wemple, Esq., never received a response from the Maryland State Treasurer's office regarding the claims.

### FACTUAL ALLEGATIONS

35. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 34 of this Complaint with the same effect as if fully set forth herein.

36. On June 3, 2014, Defendants pursued a purported speeding vehicle that was being operated by Plaintiff-Thomas.  The pursuit was initiated on Route 295 in Prince George's County, went on through Howard County and Anne Arundel County, and ultimately ended in Howard County.

37. Defendants stopped Plaintiff-Thomas's vehicle near the intersection of Routes 32 and 1 in Howard County on a traffic stop.

38. Upon the stop, Defendants approached Plaintiff-Thomas's vehicle with handguns drawn and instructed Plaintiff-Thomas to exit the vehicle and threated to unleash a canine officer on him if he did not comply.

39. In compliance with police orders, Plaintiff-Thomas slowly and carefully exited the vehicle and laid face-down on the ground in anticipation of arrest.

40. As Plaintiff-Thomas was lying on the ground, an unidentified Defendant-Officer placed Plaintiff-Thomas' hands behind his back, effectively placing him in police custody.

41. After placing Plaintiff-Thomas in police custody, Defendants proceeded to brutalize Plaintiff-Thomas; specifically, multiple Defendant-Officers punched and kicked Plaintiff-Thomas repeatedly as he lay helpless on the ground.

42. Shortly thereafter, for reasons unknown, Defendant-Officer Jeffrey S. Rothenbecker ("Defendant-Rothenbecker") instructed a canine police officer to attack Plaintiff-Thomas.

43. The canine police officer, in obeying the command of a Defendant-Rothenbecker, proceeded to maul Plaintiff-Thomas causing severe bodily injury to his person, including but not limited to, several lacerations on his arm and a large gash on his upper-back.

44. Almost immediately after or at the same time as he was being mauled by the canine officer, for reasons unknown, Defendant-Officer Jeremy Duncan ("Defendant-Duncan") used a conducted electrical weapon (hereafter "Taser gun") on Plaintiff-Thomas. The strength of the Taser gun was enough to cause the canine officer to shriek in pain as it was mauling Plaintiff-Thomas, likely due to the shock of the electrical current transferring from the Taser gun to Plaintiff-Thomas and then subsequently to the canine officer.

45. At all times during these events, Plaintiff-Thomas:

    a.   was acting in full compliance with police orders following the stop;

    b.   demonstrated no acts of restraint or unwillingness to cooperate with police orders;

c. made no sudden jerks or movements that could cause a reasonable police officer to feel threatened under the circumstances.

46. After being beaten up, mauled, and electrocuted via Taser gun, Defendants handcuffed Plaintiff-Thomas and arrested him on a number of charges, all of which have been dismissed.

47. Plaintiff-Curbelo witnessed the brutalization, mauling, and electrocution of Plaintiff-Thomas and has suffered from severe emotional distress.

48. Shortly after the brutalization, mauling, and electrocution of Plaintiff-Thomas, Defendants noticed Plaintiff-Curbelo sitting in the front passenger seat vehicle and instructed her to exit the vehicle.

49. Following police orders, Plaintiff-Curbelo proceeded to exit the vehicle from the front passenger door.  Upon her exit, Defendants grabbed Plaintiff-Curbelo and hurled her body over a guardrail directly adjacent to the vehicle causing severe bodily damages.

50. Defendants conducted a search of Plaintiff-Curbelo and arrested her on a number of charges, all of which have been dismissed.

51. Both Plaintiff-Thomas and Plaintiff-Curbelo were eventually transported to the emergency room in the Anne Arundel County Medical Center for medical treatment following the aforementioned events.

52. A particular nurse was shocked to see Plaintiff-Thomas beaten so badly and asked Defendant-Officers why he was subjected to such harsh force.  In response to this question from the nurse, one Defendant-Officer commented: "he shouldn't have ran" as an apparent justification for the force used against Plaintiff-Thomas.

53. The staff in the emergency room at the hospital represented to Plaintiff-Thomas and to several Defendant-Officers who were present that Plaintiff-Thomas would need a number of procedures in order to heal property including but not limited to stiches for the large gash on his back.

54. After this diagnosis and recommendation, Defendants prevented Plaintiff-Thomas from receiving the recommended proper treatment and proceeded to transport him to the Anne Arundel County Detention Center for booking; specifically, Defendants instructed/ pressured the medical personnel to act with haste in providing treatment, resulting in a shoddy patch-up job of his wounds.

55. Plaintiff-Thomas was forced to sit in a jail cell for months with this poor patch-up job; had his wounds been properly stitched while in the hospital, Plaintiff-Thomas would not have as large of a scar on his back and other parts of his body that he does today.

56. At some point while Plaintiff-Thomas was being treated by the emergency room staff, an unidentified Defendant-Officer, presumably the arresting officer, was relieved of his duties by an apparent superior Defendant-Officer.

57. As the conversation relating to the relieving of duties took place, Plaintiff-Thomas overheard the superior Defendant-Officer represent to his subordinate colleague that he (the superior Defendant-Officer) would "take care of the police report" and reassure his subordinate colleague that there would be no need "to worry about it" in reference to the report.

58. It is unclear whether the superior Defendant-Officer was present on the scene at the time of the incident or has any personal knowledge of the events that occurred.

59. Plaintiff-Curbelo's physical injuries included several bruises and cuts to her body.

60. Plaintiff-Curbelo also suffers from severe emotional distress brought about from her witnessing of Defendants' brutalization of Plaintiff-Thomas as well as the brutalization she endured; specifically, she suffers from major depression, crying spells, poor concentration, sleep disturbance, appetite disturbance, poor energy, and fleeting suicidal ideations.

61. Plaintiff-Thomas's physical injuries include:

    a. several bruises to his body and face as a result of the police brutalization;

    b. various lacerations and a particularly large gash on his lower back sustained from the mauling by the canine officer;

    c. permanent injuries to his lower back and left leg caused by sciatic nerve damage as a result of not getting proper treatment for his injuries; and

    d. permanent scarring as a result of not receiving proper treatment from the canine mauling.

62. Plaintiff-Thomas also suffers from severe emotional distress as a result of the incident; specifically, he suffers from major depression, trouble concentrating, recurring nightmares, distress as a result of permanent injuries to his person, and extreme anxiety due to a general distrust towards police officers.

63. All of the aforementioned unlawful acts committed by the Defendant-Officers were done in the immediate presence of each other, and each of these Police Officers during the entire course of aforementioned brutality had the opportunity to intervene and stop the misconduct of each other.

64. At no time did any of the Defendant-Officers intervene in an effort to protect the Plaintiffs from the physical abuse inflicted upon them by Defendant-Officers.

65. These attacks and brutalization of Plaintiffs were entirely unjustified by any action of the Plaintiffs and constituted an objectively unreasonable and excessive use of force in light of the facts and circumstances confronting Defendants.

## COUNT I - ASSAULT

66. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 65 of this Complaint with the same effect as if fully set forth herein.

67. The assaults upon Plaintiff-Thomas included, but are not limited to Defendants':

   a. pointing of firearms in close proximity to Plaintiff-Thomas's head;

   b. brutalization via multiple punches and kicks to Plaintiff-Thomas's face and body as he lay helpless on the ground in police custody;

   c. unleashing a canine officer to maul Plaintiff-Thomas while he was in custody; and

   d. use of a Taser gun on him while in police custody.

68. The assaults upon Plaintiff-Curbelo included, but are not limited to, Defendants':

   a. pointing of firearms in close proximity to her head;

   b. hauling of her body over a nearby guard rail; and

   c. use of other methods of excessive force to subdue her despite any signs of resistance or attempt to flee on the part of Plaintiff-Curbelo.

69. The aforementioned actions, at the very least, caused Plaintiffs to be placed in reasonable apprehension of an imminent battery.

70. Defendants acted with the intent and capacity to do bodily harm to Plaintiffs beyond the scope of any legal justification and this conduct was perpetrated with actual malice.

71. As a direct and proximate result of the actions by Defendants, Plaintiff-Thomas has suffered and will continue to suffer severe mental and physical anguish, medical and other related expenses, and loss of income.

72. As a direct and proximate result of the actions by Defendants, Plaintiff-Curbelo has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

**COUNT II - BATTERY**

73. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 72 of this Complaint with the same effect as if fully set forth herein.

74. Defendants' conduct constituted an intentional touching (or the setting in motion of an event, which resulted in the offensive, non-consensual touching) of the Plaintiffs by the Defendants, and was undertaken deliberately, with actual malice and beyond the scope of any legal justification.

75. As a result of the actions by Defendants, Plaintiff-Thomas has suffered damages, including but not limited to, extreme emotional injury, nerve damage, pain and injuries to his neck and face, public humiliation, mental distress, and monetary losses in the form of medical expenses and loss of income.

76. As a result of the actions by Defendants, Plaintiff-Curbelo has suffered damages, including but not limited to, pain and suffering, public humiliation, severe mental distress, and other pecuniary losses.

**COUNT III – EXCESSIVE FORCE (42 U.S.C. § 1983)**

77. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 76 of this Complaint with the same effect as if fully set forth herein.

78. The Fourth Amendment of the United States Constitution, as incorporated to the states via the Fourteenth Amendment Due Process clause, guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.

79. In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court of the United States invoked an objective "reasonableness" analysis in determining whether the particular force used by a police officer effecting a seizure amounted to excessive force:

> Because '[t]he test of reasonableness under the Fourth Amendment is not capable of price definition or mechanical application' . . . its proper application requires careful attention to the facts and circumstances of each particular case, including **the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight**. . . . The 'reasonableness' of a particular use of force **must be judged from the perspective of a reasonable officer on the scene**, rather than with the 20/20 vision of hindsight. . . . ."

*Id.* at 396 (citations omitted) (emphasis added).   The Supreme Court then went on to further clarify that the reasonableness inquiry "in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id*. at 397 (citations omitted).

80. With respect to Plaintiff-Curbelo, the actions of Defendant-Officers acting under color of law, in hauling Plaintiff-Curbelo over a guardrail, who was an innocent passenger in the vehicle and offering no resistance, was an excessive use of force in violation of the Fourth and Fourteenth amendments of the United States Constitution.  Plaintiff-Curbelo did nothing to suggest that she was imposing an immediate threat to the police officer or others.  She neither resisted the arrest nor attempted to evade the arrest after the vehicle was stopped.  The force used by Defendant-Officers against Plaintiff-Curbelo to effect a

seizure was not objectively reasonable under the circumstances confronting Defendant-Officers.

81. With respect to Plaintiff-Thomas, the actions of Defendant-Officers acting under color of law, in:

    a.  multiple Defendant-Officers pointing their loaded firearms at Plaintiff-Thomas;

    b.  multiple Defendant-Officers punching and kicking Plaintiff-Thomas as he lay helpless on the ground;

    c.  ordering a canine officer to maul Plaintiff-Thomas as he was laying face-down on the ground and after he had been brutalized, still in compliance with police orders; and

    d.  using a Taser gun on Plaintiff-Thomas, after beating him and after ordering a canine to maul him, while still laying face-down on the ground in compliance with police orders, offering no resistance and not attempting to flee;

taken together, amount to an excessive use of force in clear violation of the Fourth and Fourteenth amendments of the United States Constitution. Concededly, Plaintiff-Thomas had been in a high-speed chase for several miles before he was stopped. Regardless, under *Graham*, it was objectively *un*reasonable for Defendant-Officers, acting under the color of law, to perform the aforementioned malicious acts. It was also objectively *un*reasonable for Defendant-Officers to fail to intervene to prevent the use of excessive force.

82. Plaintiff-Thomas exited the vehicle when instructed and immediately laid facedown on the pavement as instructed; no reasonable police officer in Defendants-Officers' position

would have viewed Plaintiff-Thomas as an immediate threat to the safety of Defendant-Officer or others.

83. In addition, to wit, there were at least twenty-two (22) police officers on the scene with loaded handguns, many of which were already directly pointed at Plaintiff-Thomas at the time of the stop.

84. In light of the facts and circumstances of this particular situation, no reasonable police officer could have concluded that the force used against Plaintiff-Thomas was absolutely necessary to effect a seizure.  This is a clear display of excessive force.

85. With regards to §1983 actions, qualified immunity protects state officials acting under the color of law unless they are "plainly incompetent" or they "knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

86. The above-mentioned actions of the Defendant-Officers were done wantonly and maliciously, with intent to harm and injure Plaintiffs and with deliberate indifference to Plaintiffs' clearly federally protected right to be free from the use of excessive force.

87. Accordingly, these acts cannot be shielded by an affirmative qualified immunity defense; any reasonably competent police officer who is properly trained would have known that the force used to seize Plaintiffs in this particular circumstance was excessive and in clear violation of the law.

88. As a direct and proximate result of the above-mentioned actions of Defendant-Officers, Plaintiffs have suffered and will continue to suffer ongoing physical and emotional injuries and other related pecuniary losses alleged herein.

**COUNT IV – NEGLIGENCE**

89. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 88 of this Complaint with the same effect as if fully set forth herein.

90. Defendant-Officers, acting in their official capacities as police officers as well as agents and employees of their respective municipalities and police departments, owed to Plaintiffs:

    a. a duty of care to protect and enforce Plaintiffs' Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution; and

    b. a duty of care to perform their police duties using proper methods of conduct when force becomes necessary to effect a seizure.

91. Defendant-Officers breached their duty by engaging in the use of excessive force and/or failing to intervene to prevent the use of excessive force in order to effect a seizure of Plaintiffs.

92. As a direct and proximate result Defendant-Officers' negligent acts and omissions, Plaintiffs suffered injuries alleged herein.

93. All such injuries were caused solely by the negligence of Defendant-Officers, without any contributory negligence on the part of Plaintiffs.

**COUNT V – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. §1985(3))**

94. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 93 of this Complaint with the same effect as if fully set forth herein.

95. Some or all of the Defendants conspired to cause damage to Plaintiffs in the following manner:

    a. agreeing to falsely institute criminal charges/proceedings against Plaintiff;

    b.   using excessive force and/or failing to intervene in the use of excessive force against Plaintiffs;

    c.   agreeing not to report each other after witnessing and/or using excessive force against Plaintiffs;

    d.   agreeing not to report each other after falsely charging Plaintiffs; and

    e.   generating false documentation to cover-up for their own and each other's misconduct.

96. In connection to the above conspiracy, Defendants:

    a.   created misleading police reports with false claims and allegations;

    b.   misrepresented the truth of the circumstances in office police reports in an attempt to justify use of excessive force against Plaintiffs; and

    c.   purged from official records and/or magically 'lost' critical evidence surrounding the events including but not limited to police in-car dash camera footage, as well as helicopter camera footage.

97. Plaintiffs' counsel, Mark Wemple, Esq., represented Plaintiffs in their criminal proceedings related to this incident and issued multiple subpoenas requesting any and all documentation including written notes and any electronic recordings including video, which were never produced by Defendants.

98. As a result of this conspiracy, Defendants, by and through their conduct, deprived Plaintiffs of their civil rights, proximately causing Plaintiffs to suffer severe physical and emotional injuries, incur damages, and pecuniary losses.

**COUNT VI – MONELL ALLEGATIONS (42 U.S.C. §1983)**

99. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 98 of this Complaint with the same effect as if fully set forth herein.

100.    It is the custom, practice and/or pattern either implicit or explicit, in which police officers and/or their supervisors, agents, and/or other employees of Defendant-Police Departments to perform the following acts or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   c. fail to properly discipline officers from said Police Departments who have committed acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   d. fail to properly investigate a complaint of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a police officer upon another;

   e. fail to take proper remedial action against its employees once it has determined that an act of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

   f. allow misconduct to occur in various types of severity, such that police officers believe that they can engage in wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

   g. fail to provide adequate sanctions/discipline to officers who commit wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

   h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia*, wrongful search destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.   fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the Police Departments;

j.   fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the Police Departments;

k.   fail to make remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia,* wrongful search destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.   fail to make remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the Police Departments;

m.  fail to properly investigate officers who commit wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.   fail to take proper remedial action with officers who commit wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o.   fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence and violating the rules, policies and/or procedures of the Police Departments.

101.     Said customs, practices, policies, and/or patterns of Defendant-Municipalities, Defendant-Police Departments, and Defendant-Chiefs encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of Defendant-Officers.

102.     These practices and/or customs, as alleged above, have gone unchecked and been allowed to exist in Anne Arundel, Howard, and Prince George's Counties as well as the State of Maryland for a significant period of time, so much so, that Defendant-Officers recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the Police Departments in order to permit said conduct to re-occur.

103.     A code of silence exists amongst certain Defendant-Officers in the MSP, AAPD, HCPD, and PGPD; this code of silence obstructs the legal process by preventing the free flow of honest information with regards to police misconduct.

104.     As a direct and proximate result of said customs, practices, policies, and/or patterns, either implicit or explicit, of Defendant-Municipalities, Defendant-Police Departments, and Defendant-Chiefs caused Plaintiffs to suffer injuries alleged herein.

## COUNT VII – STATE CONSTITUTIONAL CLAIM VIOLATION OF ARTICLE 24 OF THE MARYLAND DECLARATION OF RIGHTS

105.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 104 of this Complaint, with the same effect as if fully set forth herein.

106.     By engaging in the acts, omissions, and misconduct described in paragraphs 1 through 58 of the Factual Allegations and all Counts of this Complaint, the Defendants violated the constitutional rights of the Plaintiffs secured by Article 24 of the Maryland Declaration of rights.

107.     In committing said violations of Article 24 of the Maryland Declaration of Rights, the Defendants acted with actual malice toward Plaintiffs.

108.     As a direct and proximate consequence of said violations, Plaintiffs sustained personal and pecuniary injuries alleged herein.

## COUNT VIII – EQUAL PROTECTION (42 U.S.C. §1983)

109.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 108 of this Complaint with the same effect as if fully set forth herein.

110.     The actions of Defendants in using excessive force to seize Plaintiffs and subsequently attempting to cover their tracks via mishandling evidence, fabricating police reports and other false documentation to justify the use of force used, violated the Equal Protection clause of the Fourteenth Amendment of the United States Constitution.

111.     The aforementioned actions of Defendants were the direct and proximate cause of the Constitutional violations set forth above and Plaintiffs have suffered injuries alleged herein as a result of these actions.

## COUNT IX – NEGLIGENT SUPERVISION AND TRAINING

112.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 111 of this Complaint with the same effect as if fully set forth herein.

113.     At all relevant times, the Defendant-Officers involved in the case acted under the direction and control, and pursuant to the rules, regulations, polices, of their respective Defendant-Municipalities, Defendant-Police Departments, and Defendant-Chiefs.

114.     Defendant-Municipalities, Defendant-Police Departments, and Defendant-Chiefs acted negligently, carelessly, and recklessly by failing to properly train, supervise,

discipline, control, direct and monitor Defendant-Officers' actions in the performance of their duties and responsibilities.

115.      As a direct and proximate result of the acts and omissions of Defendant-Municipalities, Defendant-Police Departments, and Defendant-Chiefs, Defendant-Officers unlawfully assaulted, battered, and used excessive force in effecting the seizure of Plaintiffs.

116.      As a direct and proximate result of the acts and omissions of Defendant-Municipalities, Defendant-Police Departments, and Defendant-Chiefs, Plaintiffs suffered injuries alleged herein.

**COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

117.      Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 116 of this Complaint with the same effect as if fully set forth herein.

118.      In *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977), the Court identified four elements that must be met "to impose liability for intentional infliction of emotional distress: (1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) the emotional distress must be severe."

119.      The acts of Defendant-Officers in verbally harassing Plaintiff-Curbelo, assaulting and battering her by throwing her over a guard rail when she was an innocent passenger who had done no wrong and who demonstrated no resistance, amount to reckless behavior that was extreme and outrageous under the circumstances and performed with deliberate disregard of a "high degree of probability" that severe emotional distress would result to Plaintiff-Curbelo. *Id.*

120.     As a result of Defendants-Officers' acts, Plaintiff-Curbelo now suffers from severe emotional distress including major depression, crying spells, poor concentration, sleep disturbance, appetite disturbance, poor energy, and fleeting suicide ideation.  She has suffered and will continue to suffer severe and extreme emotional distress.

121.     The acts of Defendant-Officers in verbally harassing Plaintiff-Thomas, assaulting and battering as he lay on the ground helpless, ordering a canine officer to maul Plaintiff-Thomas when he was fully complying with police orders with no resistance, and subsequently using a Taser gun on Plaintiff-Thomas as he was lying face down on the ground after he had already been subdued and showing no signs of resistance were intentionally reckless, extreme and outrageous, and performed with deliberate disregard of a "high degree of probability" that severe emotional distress would result.  *Id.*

122.     As a result of Defendants-Officers' acts, Plaintiff-Thomas now suffers from severe emotional distress including major depression, trouble concentrating, recurring nightmares, distress as a result of permanent injuries to his person, and extreme anxiety due to a general distrust towards police officers.

123.     Defendant-Officers' actions towards Plaintiffs were not merely "rude, insensitive, callous, [or] in poor taste," it is evident that these actions "completely violate[d] human dignity" and Defendants must be held accountable for their actions.  *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1064, 66 Md. App. 46, 59 (Md. Ct. Spec. App. 1986).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff-Curbelo demands judgment against Defendants jointly and severally for compensatory damages in the amount of One Million and Five Hundred Thousand Dollars ($1,500,000.00) and punitive damages in the amount of Two Million Dollars

($3,000,000.00), with the exact amount to be determined at trial, together with interest, costs, and such other and further relief as this Court deems just and proper; and

WHEREFORE, Plaintiff-Thomas demands judgment against Defendants jointly and severally for compensatory damages in the amount of Five Million Dollars ($5,000,000.00) and punitive damages in the amount of Ten Million Dollars ($10,000,000.00), with the exact amount to be determined at trial, together with interest, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby request a jury trial as to all the aforementioned issues.

Respectfully Submitted,

Mark D. Wemple, Esq.
DC Law Group, LLC
1 Research Court, Suite 140
Rockville, MD 20850
TEL: (240) 364-2800
FAX: (877) 804-9978
cases@dclawweb.com
*Attorney for Plaintiffs*

FILED

MAY 2 6 2017

## CERTIFICATE OF SERVICE

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD

I certify that on this _26th_ day of _May_____, 20_17_, I delivered, via first class mail, pre-paid, a copy of the foregoing Complaint, along with attachments to:

STATE OF MARYLAND
Serve: Brian Frosh, Esq.
200 St. Paul Place
Baltimore, MD 21202

HON. LARRY HOGAN, GOVERNOR OF
THE STATE OF MARYLAND
100 State Circle
Annapolis, MD 21041

ANNE ARUNDEL COUNTY
Serve: Nancy Duden, Esq.
2660 Riva Rd, Fl 4
Annapolis, MD 21401-7055

STEVEN SCHUH, COUNTY EXECUTIVE
FOR ANNE ARUNDEL COUNTY
Arundel Center
44 Calvert Street
Annapolis, MD 21404

HOWARD COUNTY
Serve: Dario Broccolino, Esq.
Carroll Building
3450 Court House Drive
Ellicott City, MD 21043

ALLAN KITTLEMAN, COUNTY
EXECUTIVE FOR HOWARD COUNTY
George Howard Building
3430 Court House Drive
Ellicott City, MD 21043

PRINCE GEORGE'S COUNTY
Serve: Jared McCarthy, Esq.
14741 Gov. Oden Bowie Drive
Room 5121
Upper Marlboro, MD 20772

RUSHERN BAKER, COUNTY
EXECUTIVE FOR PRINCE GEORGE'S
COUNTY
County Administration Building, Room
5032
14741 Governor Oden Bowie Drive
Upper Marlboro, MD 20772

ANNE ARUNDEL COUNTY POLICE
DEPARTMENT
8495 Veterans Hwy.
Millersville, MD 21108

TIMOTHY ALTOMARE, POLICE CHIEF
FOR THE ANNE ARUNDEL COUNTY
POLICE DEPARTMENT
8495 Veterans Hwy.
Millersville, MD 21108

PRINCE GEORGE'S COUNTY POLICE
DEPARTMENT
14741 Governor Oden Bowie Dr.
Upper Marlboro, MD 20772

HENRY STAWINSKY, POLICE CHIEF
FOR PRINCE GEORGE'S COUNTY
POLICE DEPARTMENT
14741 Governor Oden Bowie Dr.
Upper Marlboro, MD 20772

HOWARD COUNTY POLICE
DEPARTMENT
3410 Court House Dr.
Ellicott City, MD 21043

GARY GARDNER, POLICE CHIEF FOR
HOWARD COUNTY POLICE
DEPARTMENT
3410 Court House Dr.
Ellicott City, MD 21043

MARYLAND STATE POLICE
Serve: Ronald Levitan, Esq.
1201 Reisterstown Rd.
Pikesville, MD 21208

COL. WILLIAM PALLOZZI,
SECRETARY MARYLAND STATE
POLICE
1201 Reisterstown Rd.
Pikesville, MD 21208

OFFICER NATHANIEL R. HOLLIS
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER JAMES MORRISON
3410 Court House Dr.
Ellicott City, MD 21043

OFFICER STEPHEN HENNESSEY
3410 Court House Dr.
Ellicott City, MD 21043

OFFICER JEREMY DUNCAN
3410 Court House Dr.
Ellicott City, MD 21043

OFFICER JAMES ABRASHOFF
3410 Court House Dr.
Ellicott City, MD 21043

OFFICER AMANDA J. EVERLY
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER JOSEPH PAZULSKI
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER TREY F. KELLER
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER ALPHONSE B. FISTER
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER STEVEN J. THOMAS
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER JAMES E. HORNE
14741 Governor Oden Bowie Dr.
Upper Marlboro, MD 20772

OFFICER GARY F. WHITE JR.
14741 Governor Oden Bowie Dr.
Upper Marlboro, MD 20772

OFFICER WILLIAM P. GONZALEZ
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER STEPHEN A. TAYLOR
1201 Reisterstown Rd.
Pikesville, MD 21208

OFFICER RICHARD G. FURROW, JR.
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER GLENN M. WRIGHT
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER JEFFREY S. ROTHENBECKER
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER ZACHARY S. KOSHLAP
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER DAVID J. FOSTER
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER BRIAN A. SMITH
1201 Reisterstown Rd.
Pikesville, MD 21208

OFFICER DION TILGHMAN
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER MATTHEW J. SANCHEZ
1201 Reisterstown Rd.
Pikesville, MD 21208

OFFICER SCOTTIE ARRUDA
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER MICHAEL A. HAVILAND, JR.
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER CHARLES T. BENNER
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER JAMES E. KEIFLINE
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER CHRISTOPHER
LINSENBIGLER
8495 Veterans Hwy.
Millersville, MD 21108

OFFICER JOHN DOE
8495 Veterans Hwy.
Millersville, MD 21108

Mark D. Wemple, Esq.
*Attorney for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH MARYLAND RULE 1-322.2

I further certify that this filing does not contain any personal identifier information and is in compliance with Maryland Rule 1-322.2.

Mark D. Wemple, Esq.
*Attorney for Plaintiffs*