IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **CHRISTOPHER THOMAS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-17-1739 |
| | * | |
| **ANNE ARUNDEL COUNTY,** *et al.*, | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff Christopher Thomas alleges that police officers from the Anne Arundel County Police Department ("AAPD") and Howard County Police Department ("HCPD") used excessive force while arresting him after a high-speed pursuit.[1] After the Court dismissed all of the claims except those against Howard County, Anne Arundel County, Officer Jeffrey Rothenbecker, and Officer Jeremy Duncan, the parties agreed to a scheduling order with deadlines of April 23, 2018 to amend pleadings and October 15, 2018 for dispositive pretrial motions, and engaged in over six months of discovery. ECF No. 72. Consistent with the Scheduling Order, Anne Arundel County and Officer Rothenbecker filed a Motion for Summary Judgment on October 15, 2018. ECF No. 75. Howard County and Officer Duncan also filed a Motion for Summary Judgment on October 15, 2018. ECF No. 76. Plaintiff has responded to the Howard County Motion, *see* ECF No. 77, but has not responded to the Anne Arundel County Motion.[2] Instead, on November 16, 2018, he filed a Motion for Leave to File a Second Amended Complaint. ECF No. 80.

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's proposed Amended Complaint, ECF No. 80-2, and are presumed to be true.
[2] Those motions remain pending and will be decided in a separate opinion.

1

Defendants oppose this motion. ECF Nos. 81, 82. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Leave to Amend is denied.

I.  **BACKGROUND**

Plaintiff seeks leave to amend his Complaint in two ways of note. First, Plaintiff seeks to add sixteen named defendants. The proposed additionally named officers are AAPD Chief Timothy Altomare, HCPD Chief Gary Gardner, Nathaniel Hollis, Stephen Hennessey, James Abrashoff, James Morrison, Steven Thomas, Glenn Wright, Alphonse Fister, Amanda Everly, Joseph Pazulski, James Horne, Stephen Taylor, Trey Keller, and David Foster. ECF No. 80-2 at 2-4.[3] Plaintiff also seeks to add Howard County Executive Allan Kittleman and Anne Arundel County Executive Steven Schuh, as well as the HCPD and the AAPD. *Id*. at 1-2. Second, Plaintiff adds one new factual allegation to his complaint: that Officer Duncan and all of the additional officers except the Chiefs punched, kicked, and dragged Plaintiff repeatedly after taking him into custody. *Id*. ¶ 34. Plaintiff re-alleges the same Assault, Battery, Negligence, Excessive Force, Conspiracy to Interfere with Civil Rights, *Monell*, Maryland Declaration of Rights, Negligent Supervision and Training, and Intentional Infliction of Emotional Distress ("IIED") claims from his original Complaint. *Id*. ¶¶ 59-117.

Plaintiff previously consented to the dismissal of the HCPD, the AAPD, Kittleman, and Schuh. ECF Nos. 66 at 1 n.1, 49 at 5. Each of the named officers was also dismissed from this case by the Court's order granting in part earlier motions to dismiss in this case. *See* ECF No. 67.

II.  **STANDARD OF REVIEW**

"[A]fter the deadline for amendment of pleadings in the Court's Scheduling Order has passed, a plaintiff must show good cause why leave to file an amended complaint should be

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.

granted." *Downing v. Baltimore City Bd. of Sch. Comm'rs*, No. RDB-12-1047, 2014 WL 12781222, at *1 (D. Md. 2014). The good cause inquiry is "less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend and the reasons for its tardy submission." *Id*. (cleaned up). Once "good cause" is shown, leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a); however, a motion for leave to amend should be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267. An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id*. A court may not deny a party's motion to amend solely on the basis of delay; the "delay must be accompanied by prejudice, bad faith, or futility." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v.*

*McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

The Court previously dismissed Plaintiff's Assault claim because the statute of limitations had already run, ECF No. 66 at 6; Plaintiff's IIED claim because he failed to plausibly allege severe emotional distress, *id*. at 8; Plaintiff's Equal Protection claim because he failed to allege that he was in a protected class and did not allege he was treated differently than other persons similarly situated, *id*; Plaintiff's § 1985(3) claim because he did not plead any conspiracy or overt act, *id*. at 9; Plaintiff's negligence claims due to common law immunity, *id*. at 12, and Plaintiff's *Monell* claims due to the conclusory nature of the allegations, *id*. at 14. Plaintiff alleges no new facts that would change the Court's analysis of these claims, so amendment would be futile.

Plaintiff, having previously consented to the dismissal of the HCPD, the AAPD, Kittleman, and Schuh, now seeks to re-add them to the lawsuit. Defendants HCPD and AAPD lack the capacity to be sued, as they are merely departments within the executive branches of Howard County and Anne Arundel County, respectively. *See Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 393 (4th Cir. 2014) ("absent a statutory or constitutional provision creating a government agency, an 'office' or 'department' bears no unique legal identity, and thus, it cannot be sued under Maryland law"). Therefore, adding them back to the case would be futile.

Plaintiff has not made clear whether County Executives Kittleman and Schuh are being sued in their individual or official capacities, but in any case, Plaintiff's Amended Complaint fails to allege any unlawful actions taken by either party. Plaintiff only mentions Kittleman and Schuh once each in the Amended Complaint, alleging only that they are the county executives of their respective counties. They cannot be held liable under *respondeat superior* theories of liability, so absent any allegations of improper behavior by them personally, amendment to include them as defendants would be futile. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (no *respondeat superior* liability under § 1983); *Baltimore City Police Dep't v. Cherkes*, 140 Md. App. 282, 331-33 (Md. 2001) (no vicarious liability for state common law or constitutional torts).[4]

Therefore, only Plaintiff's Battery and Excessive Force/Maryland Declaration of Rights claims are potentially affected by the new allegation that each of the re-added Officers "punched, kicked and dragged" Plaintiff after he was taken into custody. ECF No. 80-2 ¶ 34. This single, bare allegation comes nearly seven months after the deadline for amended pleadings, *see* ECF No. 72, and over a month after Defendants filed their Motions for Summary Judgment. The only reason Plaintiff offers for the delay is an allegation, unbacked by any attached evidence, that Plaintiff failed to provide reasonable discovery—not in this case, but in Plaintiff's criminal case in the District Court for Anne Arundel County. *See* ECF No. 80 at 7. That case was disposed of in May 2015, two years before this case was even filed. *See State of Maryland v. Thomas*, No. 5A00286711 (Anne Arundel Cty. Dist. Ct. filed June 3, 2014). There is no allegation that Defendants refused to comply with Plaintiff's requests for discovery in this case. Plaintiff offers

---

[4] To the extent Plaintiff seeks to sue Kittleman and Schuh in their official capacities, those claims are duplicative of the pending claims against Howard County and Anne Arundel County, and neither county executive must be named in order for Plaintiff to obtain relief.

no evidence, learned of during discovery or otherwise, in support of his new allegation. *See Tawwab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010) (good cause generally exists "where at least some of the evidence necessary to prove a claim did not come to light until after the amendment deadline") (citing *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429 (4th Cir. 1994)). And Plaintiff's proposed Amended Complaint would introduce significant delay to this case, as he has not committed to forgo seeking discovery from the new Defendants, each of whom would also be entitled to motions to dismiss and, if denied, eventual motions for summary judgment. Therefore, Plaintiff has no "good cause" for seeking to amend his complaint at this late date. *See Downing*, 2014 WL 12781222, at *1.

Courts consistently deny leave to amend where the motion comes long after the deadline in the scheduling order and is accompanied by no legitimate reason for the delay, where the delay is due to Plaintiff's own lack of diligence, where the amendment would introduce significant further delay, and where the post-discovery amendment is unsupported by evidence sufficient to defeat a motion for summary judgment. *See Sound of Music Co. v. Minn. Mining & Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007) (upholding denial of leave to amend that was not filed until after discovery had closed and because amended claim would not survive a motion for summary judgment). For these reasons, and because Plaintiff's proposed amendment is not backed by any evidence that would establish that amendment is in the interests of justice, Plaintiff's Motion for Leave to Amend is denied.

**IV. CONCLUSION**

The Motion for Leave to Amend, ECF No. 80, is denied. A separate Order shall issue.

Date: <u>May   28, 2019</u>                            /s/<u>_____</u>
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge