IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **CHRISTOPHER THOMAS,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-17-1739 |
| | * |
| **ANNE ARUNDEL COUNTY,** *et al.*, | |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Christopher Thomas alleges that police officers from the Anne Arundel County Police Department ("AAPD") and Howard County Police Department ("HCPD") used excessive force while arresting him after a high-speed pursuit. The Court previously dismissed all of the claims except those against Defendants Howard County, Anne Arundel County, HCPD Officer Jeremy Duncan, and AAPD Corporal Jeffrey Rothenbecker. ECF No. 67. Defendants Anne Arundel County and Rothenbecker filed a Motion for Summary Judgment, ECF No. 75, as did Defendants Howard County and Duncan, ECF No. 76. Plaintiff has responded only to the Rothenbecker Motion. ECF No. 77. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants Anne Arundel County and Rothenbecker's Motion for Summary Judgment is denied and Defendants Howard County and Duncan's Motion for Summary Judgment is granted.

1

**I.      BACKGROUND[1]**

In the early morning hours of June 3, 2014, an AAPD officer attempted to pull over Plaintiff, who was driving a Toyota Yaris. ECF No. 76-4 at 7.[2] Plaintiff fled and the AAPD officer pursued him, eventually joined by other officers from the AAPD and HCPD, as well as a helicopter. *See* ECF Nos. 76-4 at 9, 76-5 at 3. Plaintiff's vehicle stopped only after hitting "stop sticks," at which point Plaintiff exited the car. ECF No. 75-3 ¶ 9. On the scene when Plaintiff exited the car was Defendant Rothenbecker and his canine partner "Rocky," who had been in pursuit. *Id.* ¶ 3. Rothenbecker had heard, over the radio, that when the AAPD officer originally attempted to pull over Plaintiff, Plaintiff drove directly at the officer, forcing him to dive back into his police cruiser for cover. *Id.* ¶ 4.

It is here that the record evidence indicates that the parties' accounts diverge. Defendants claim that when Plaintiff exited the vehicle, two officers attempted to place him in handcuffs, but he began to resist and refused to listen to verbal commands. *Id.* ¶ 10; ECF No. 76-6 at 3. Defendant Rothenbecker specifically claims that Plaintiff "refused to roll onto his stomach and place his hands behind his back and instead began to kick and flail," and that "officers were unable to get control of the driver and he began to stand to his feet." ECF No. 75-3 ¶ 10. Rothenbecker states that he warned Plaintiff to stop fighting, or he would deploy Rocky. *Id.* ¶ 13. He claims that Plaintiff continued resisting, and therefore Rothenbecker gave Rocky the order to apprehend. *Id.* ¶ 14.

In deposition testimony attached to Defendants' Motion to Dismiss, Plaintiff tells a different story. He claims that when he exited the car, he was on his knees attempting to lay

---

[1] Unless stated otherwise, the facts herein are undisputed or viewed in the light most favorable to the non-movant.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.

2

down when a handcuff was placed on him. ECF No. 76-4 at 12. Plaintiff explains that as he was being handcuffed, he was forced to the ground by a dozen unknown officers who started kicking him and swearing at him. *Id.* at 15-16. He claims he "curled up in a fetal position" to protect himself, the officers backed off, and then Rocky began attacking him. *Id.* at 16.

It is undisputed that Plaintiff suffered multiple bites by Rocky, and that he began to resist the canine attack. *See id.* at 17-18; ECF No. 75-3 ¶ 14. Plaintiff claims, paradoxically, that he tried to get his hands into Rocky's mouth to stop him from biting him; Defendants claim Plaintiff struck Rocky with a closed fist. ECF Nos. 76-4 at 18, 75-3 ¶ 14; 76-6 at 3. Defendant Duncan, after providing a warning, then deployed his taser for one five-second cycle, incapacitating Plaintiff. ECF Nos. 75-3 ¶ 15; 76-5 ¶ 5. Officers then placed Plaintiff under arrest. ECF No. 76-6 at 3.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The burden is on the moving party to demonstrate that there exists no genuine dispute of material fact. *See Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). To defeat the motion, the nonmoving party must submit evidence showing facts sufficient for a fair-minded jury to reasonably return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Additionally, a party must be able to put facts to be considered in support of or opposition to a motion for summary judgment in an admissible form. *See Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 398, 407 (D. Md. 2015).

A district court is obligated to thoroughly analyze an unopposed motion for summary judgment to determine whether the moving party is entitled to summary judgment as a matter of law. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the district court must still proceed with the facts it has before it." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (internal quotations omitted).

## III. DISCUSSION

As an initial matter, Defendant Rothenbecker's Motion for Summary Judgment relies, in part, on Requests for Admissions that Defendant claims were served on May 24, 2018 and deemed admitted when no response was received after thirty days. *See* ECF No. 75-1 at 3; Fed. R. Civ. P. 36(a)(3). Plaintiff's counsel has submitted a sworn affidavit claiming that he reviewed and signed Plaintiff's Response to the Rothenbecker Requests for Admissions on June 19, 2018. ECF No. 77-1. Plaintiff has also filed a copy of these responses with the Court. ECF No. 77-2.

Regardless of whether Plaintiff properly responded to the Requests for Admissions, the Court holds "considerable discretion over withdrawal of admissions once they have been made." *Kress v. Food Emp'rs Labor Relations Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003). Even if the Court came to the conclusion that the requests had been deemed admitted, it better "promote[s] the presentation of the merits of the action" not to resolve the case on a technicality. Fed. R. Civ. P. 36(b). It also appears that Defendants never notified Plaintiff's counsel that they had not received a response to the Request for Admissions, apparently seeking to take advantage of the "conclusively established" admissions. *See* ECF Nos. 77 ¶ 6; 78 at 4. Therefore, any prejudice suffered by Defendants is due only to their wager that the Court would resolve this

4

dispute on a discovery failure. While the Court will not deem the admissions conclusively established, Defendant correctly observes that a denial of an admission is not evidence sufficient to establish a genuine dispute of material fact for the purposes of a motion for summary judgment. *See Bland v. Norfolk & S.R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969) ("In regard to the pleadings, however, 'an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'") (quoting Fed. R. Civ. P. 56(e)). Therefore, the Court must turn to the evidence in the record to determine whether Defendants are entitled to summary judgment.

Plaintiff has brought claims for assault (Count I), battery (Count II), excessive force pursuant to the Fourth Amendment (Count III), negligence (Count IV), conspiracy to interfere with civil rights (Count V), violations of the Maryland Declaration of Rights (Count VII), equal protection (Count VIII), and intentional infliction of emotional distress (Count X).

For the same reasons discussed in the Court's December 20, 2017 Memorandum Opinion, Plaintiff's assault, negligence, conspiracy, equal protection, and intentional infliction of emotional distress claims have not been adequately pled or proved, and Defendants are entitled to summary judgment. *See* ECF No. 66. Therefore, the remaining claims are the battery and excessive force claims against the individual defendants and the Maryland Declaration of Rights claims against all defendants. Both the Fourth Amendment excessive force and the Maryland state law claims are controlled by the Supreme Court's holding in *Graham v. Connor*, 490 U.S. 386 (1989). *See Richardson v. McGriff*, 361 Md. 437, 452-53 (Md. 2000) (observing that federal Fourth Amendment jurisprudence controls both battery and Article 26 of the Maryland Declaration of Rights claims against law enforcement officers).

The Fourth Amendment requires that the use of force by law enforcement officers be "reasonable." *Graham*, 490 U.S. at 395. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396. Therefore, the Court must consider the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. This analysis must be made "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and the calculus must allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*.

Though Plaintiff failed to submit any admissible evidence in his opposition to Defendant's Motion for Summary Judgment, Defendant's own submissions are sufficient to establish a genuine dispute of material fact as to whether Defendant Rothenbecker used excessive force. In his deposition, Plaintiff claims that he was in the process of being handcuffed when he was attacked, without provocation, by multiple officers who began kicking him. He asserts that he was on the ground in the fetal position being kicked when Rothenbecker ordered Rocky to attack. Even though Plaintiff had led police on a dangerous high-speed pursuit, his car had become disabled after hitting the stop sticks, and there is no evidence he had a weapon or otherwise posed a danger to officers. No reasonable officer could identify a governmental interest in ordering a canine officer to attack a suspect who is being kicked while on the ground;

therefore, there exists a genuine dispute of material fact as to whether Defendant Rothenbecker used excessive force.

As to Defendant Duncan's use of a taser against Plaintiff, Defendants have submitted evidence indicating that Plaintiff struck or attempted to strike Rocky with a closed fist just prior to Duncan's use of the taser. *See* ECF Nos. 75-3 ¶ 14, 76-5 at 5, 76-6 at 3. No evidence in the record contradicts this account. A reasonable officer could have interpreted these attempted strikes as resistance requiring the use of additional force. Therefore, summary judgment is granted to Defendant Duncan and Howard County.

## IV. CONCLUSION

Defendants Rothenbecker and Anne Arundel County's Motion for Summary Judgment, ECF No. 75, is denied. Defendant Duncan and Howard County's Motion for Summary Judgment, ECF No. 76, is granted. A separate Order shall issue.

Date: July 22, 2019              /s/_____
                                 GEORGE J. HAZEL
                                 United States District Judge